UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL W. HARRIS, et al., | : | |
| | : | Case No. 1:01cv428 |
| Plaintiffs, | : | |
| | : | Judge Spiegel |
| vs. | : | |
| | : | |
| PURDUE PHARMA L.P., et al., | : | |
| | : | |
| Defendants. | : | |

**PURDUE DEFENDANTS' NOTICE OF SUPPLEMENTAL
AUTHORITY IN OPPOSITION TO PLAINTIFFS'
MOTION FOR NATIONAL CLASS CERTIFICATION**

Purdue Pharma L.P., Purdue Pharma Inc., and The Purdue Frederick Company ("Purdue") hereby give notice of supplemental authority, *In Re Baycol Product Litigation*, MDL No. 1431 (D. Minn. Sept. 17, 2003) (copy attached), that counsel for Purdue referred to during oral argument on September 18, 2003.

In the action before this Court, there are four named plaintiffs: all of them have used OxyContin in the past; one has stopped using OxyContin[1] and three are continuing to use it. All of them allege they wish to use OxyContin in the future.[2] Nevertheless, they ask this Court

---

[1] At oral argument, plaintiffs' counsel for the first time acknowledged that one of the plaintiffs has stopped using OxyContin—a matter that defeats standing and undermines plaintiffs' assertion that Court intervention is justified because it is difficult to stop taking the drug. In fact, the package insert for OxyContin discloses to doctors that "doses should be tapered gradually to prevent signs and symptoms of withdrawal in the physically dependent patient." (Doc. 95, Goldenheim Aff. at Ex. 9). As is also apparent, the plaintiff's physician in this case ceased writing a prescription for OxyContin without injury to plaintiff.

[2] While plaintiffs previously suggested that they intend to continue long-term use of OxyContin (*see* Doc. 48, 2d Am. Compl. at ¶¶ 2-4; Doc. 70, Plaintiffs' Affidavits, Mot. for Nat'l Class Cert., Exhibit AA), their allegation is undermined with respect to the plaintiff who has ceased taking the medication.

to certify a nationwide medical monitoring class.[3]

In *Baycol,* the plaintiffs asserted product liability claims arising out of the defendants' marketing of the prescription drug Baycol and asked Judge Davis to certify nationwide personal injury, medical monitoring, and refund classes in the cases consolidated before him pursuant to the order of the Judicial Panel on Multidistrict Litigation. The district court rejected certification of any class. In doing so, the court noted the weight of authorities that have denied certification for product liability classes in prescription drug cases. *Id.* at 7-8 ("Many courts presiding over similar products liability case involving prescription drugs have denied similar requests for class certification. . . . To date, no Court of Appeals decision has approved class certification of an action involving prescription drugs.") In rejecting certification of the putative medical monitoring class, the court focused on the differences in the law regarding medical monitoring among the states, and also noted that in any jurisdiction which recognizes medical monitoring, "[those] state laws generally require a finding that a plaintiff's exposure to a toxic substance was due to defendant's negligence. . . [which is] inextricably intertwined with individual issues." *Id.* at 27. Consequently, the court further concluded, individual issues would undermine the cohesion necessary to a medical monitoring class. *Id.* at 23-30.

Accordingly, Purdue respectfully submits the *Baycol* decision as further support for its request that the Court deny plaintiffs' motion for class certification in this action.

---

[3] In rebuttal, Mr. Saul, on behalf of plaintiffs, also argued that the Court should certify a class for purposes of providing a "research fund" remedy and cited, for the first time, the Court's decision in the "Shiley heart valve" litigation. That case, *Bowling v. Pfizer,* 143 F.R.D. 141 (S.D. Ohio 1992), is inapposite because it involved approval of a settlement, not a court-imposed "research fund" remedy.

Respectfully submitted,

s/ David S. Cupps by s/Phillip J. Smith
David S. Cupps Bar Number 0017002
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, Ohio  43216-1008
(614) 464-6400
(614) 464-6350 (Facsimile)
E-mail:dscupps@vssp.com

Attorney for Defendants,
Purdue Pharma L.P., Purdue Pharma Inc., and
The Purdue Frederick Company

**OF COUNSEL:**

Daniel J. Buckley     (0003772)
Phillip J. Smith        (0062942)
VORYS, SATER, SEYMOUR AND
  PEASE LLP
Suite 2000, Atrium Two
221 East Fourth Street
P.O. Box 0236
Cincinnati, Ohio  45201-0236
(513) 723-4000
(513) 723-4056 (Facsimile)
E-mail:djbuckley@vssp.com
         pjsmith@vssp.com

## CERTIFICATE OF SERVICE

    I hereby certify that on September 25, 2003, I electronically filed the foregoing with the Clerk of the Courts by using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Janet G. Abaray, Esq.<br>jabaray@lopez-hodes.com | Calvin S Tregre, Esq.<br>ctregre@lopez-hodes.com |
| Beverly H. Pace, Esq.<br>bpace@lopez-hodes.com | Joseph P. Thomas, Esq.<br>jthomas@ulmer.com |

I further certify that I am providing notice of this filing by regular United States mail, postage prepaid, upon the following non-CM/ECF participants:

| | |
|---|---|
| Joseph L. Hale, Esq.<br>547 Sixth Street<br>Portsmouth, Ohio 45662 | Paul F. Strain, Esq.<br>Milton K. Hill, Esq.<br>Baetjer & Howard LLP<br>1800 Mercantile Bank & Trust Building<br>2 Hopkins Plaza<br>Baltimore, MD 21201 |
| Bill Hayes, Esq.<br>Hayes Law Offices<br>2309 Cumberland Avenue<br>P. O. Box 817<br>Middlesboro, Kentucky 40965 | Robert M. Foote, Esq.<br>Foote, Meyers, Mielke & Flowers<br>13 South 7th Street<br>Geneva, IL 60134 |
| Richard S. Lewis, Esq.<br>Douglas J. McNamara, Esq.<br>Molly McGinley Han, Esq.<br>Cohen, Milstein, Hausfeld & Toll, PLLC<br>1100 New York Avenue, Suite 500<br>Washington, D.C. 20005 | Lewis J. Saul, Esq.<br>Jennifer L. Frank, Esq.<br>Jon Hinck, Esq.<br>Lewis Saul & Associates, P.C.<br>183 Middle Street, Suite 200<br>Portland, ME 04101 |
| Robert E. Piper, Jr. , Esq.<br>Cloyd Benjamin, Jr. , Esq.<br>Piper and Associates<br>624 Pierre Avenue<br>P.O. Box 69<br>Shreveport, LA 71161 | Andrew Caldwell, Esq.<br>Dickerson Law Firm<br>110 Woodbine<br>P.O. Box 1259<br>Hot Springs, AR 71901 |

-5-

| | |
|---|---|
| Peter J. McNulty, Esq.<br>Law Office of Peter McNulty<br>827 Moraga Drive<br>Bel Air, CA 90049 | Archie C. Lamb, Jr. , Esq.<br>2017 Second Avenue North, Suite 200<br>Birmingham, AL 35203 |
| Neil Henrichsen, Esq.<br>Henrichsen, Siegel, PLLC<br>1850 M Street, N.W., Suite 250<br>Washington, D.C. 20036 | G. Nelson Smith, III, Esq.<br>Smith, Cooper LLP<br>1029 Vermont Avenue, NW, Suite 300<br>Washington, DC 20005 |
| Don Edgar, Esq.<br>Bay View Bank Building<br>50 Old Courthouse Square, Suite 610<br>Santa Rosa, CA 95404 | |

s/ Phillip J. Smith
Phillip J. Smith Bar Number: 0062942
VORYS, SATER, SEYMOUR AND
PEASE LLP
Suite 2000, Atrium Two
221 East Fourth Street
P.O. Box 0236
Cincinnati, Ohio  45201-0236
(513) 723-4000
(513) 723-4056 (Facsimile)
E-mail: pjsmith@vssp.com